| | | |
|---|---|---|
| STATE OF INDIANA ) | | IN THE ALLEN SUPERIOR COURT |
| ) SS: | | |
| COUNTY OF ALLEN ) | | CAUSE NO._____ |

KUNTA DOUGHTY )
)
    Plaintiff, )
)
v. )
)
EAST ALLEN COUNTY SCHOOLS AND/OR )
EAST ALLEN COUNTY SCHOOLS )
EDUCATIONAL FOUNDATION, INC., )
)
    Defendants. )

## COMPLAINT

Plaintiff alleges against the Defendant that:

1. Plaintiff Kunta Doughty is a Black/African American employee of Defendant East Allen County Schools and he resides in Allen County, Fort Wayne, Indiana.

2. The Defendant East Allen County Schools and/or East Allen County Schools Educational Foundation, Inc., is a governmental entity that operates a public educational system and is an "employer" under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 e *et seq* ("Title VII") and is required under federal law to treat minorities the same as Caucasians with respect to the contractual terms, conditions, benefits, and entitlements of employment under 42 U.S.C. § 1981. Defendant East Allen County Schools is located at 1240 E. State Road 930, New Haven, Indiana 46774. Its Registered Agent is Patrick McCann whose address is E. State Road 930, New Haven, Indiana 46774.

3. Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity

Commission ("EEOC"), No. 470-2022-00361, a copy of which is attached hereto, made apart hereof, and incorporated herein as Exhibit A. The EEOC issued a Determination and Notice of Rights (Exhibit B), and this Complaint has been filed within 90 days after receipt thereof.

4. The Plaintiff claims that he complained about the discrimination and differences and treatment on account of his race and color and that he was punished and terminated as a result of retaliation for engaging in that protective conduct in violation of Title VII and § 1981, as set forth in his attached Charge of Discrimination (Exhibit A).

5. The Plaintiff was terminated on or about August 23, 2021 for pretextual and false reasons which masked the true reasons for his termination - - discrimination and retaliation violation of Title VII and § 1981.

6. The next day, August 24, 2021, Plaintiff was given the option to return to work. But it was a demotion -- he was taken from his head custodian job and was demoted to a third shift position for lower pay at New Haven High School. Plaintiff accepted the demotion because he had a family to support.

7. The discrimination, harassment, hostile work environment, and retaliation continued - - only three days later on August 27, 2021, Plaintiff was told that his days off work which occurred as the result of the wrongful termination would be counted against his accrued vacation days. Additionally, Plaintiff was bullied and harassed because of his affiliation and romantic relationship with a White female teacher at East Allen County Schools. Furthermore, Plaintiff was segregated and ostracized and had to work by himself at a lower rate of pay with less favorable work hours at a less convenient facility

which was further away from home than his previous job as head custodian.

8. Plaintiff continued to report the discrimination, harassment, and retaliation to Human Resources for the Defendant.

9. Plaintiff suffered severe mental anguish and emotional distress culminating a mental breakdown for which he needed professional counseling and medical care.

10. Plaintiff contends that his work environment is and remains discriminatory, hostile, harassing, and that he is bullied by his superiors. Plaintiff is requesting compensatory damages for being demoted, loss of job status, loss of pay, loss of benefits, compensatory damages for inconvenience and mental anguish and emotional distress, and for all other just and proper relief in the premises.

WHEREFORE, Plaintiff prays for judgement against the Defendant, for compensatory damages, pecuniary damages, cost of the action including attorney's fees, and for all other just and proper relief in the premises.

## JURY DEMAND

Pursuant to Rule 38 of the Indiana Rules of Trial Procedure, Plaintiff demands a trial by jury in this action.

Respectfully submitted,
**MYERS SMITH WALLACE, LLP**

*/s/ Christopher C. Myers*
Christopher C. Myers, #10043-02
809 South Calhoun Street, Suite 400
Fort Wayne, IN 46802
Telephone:   (260) 424-0600
Facsimile:   (260) 424-0712
E-mail:   cmyers@myers-law.com
*Counsel for Plaintiff*

EEOC Form 5 (5/08)

| CHARGE OF DISCRIMINATION | Charge Presented To: | EEOC Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | Indianapolis District Office<br>10/22/2021<br>470-2022-00361 |

**Equal Employment Opportunity Commission** and EEOC

*State or local Agency, if any*

| Name (Indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Kunta Doughty | (260) 705-8600 | [redacted] |

| Street Address | City, State and ZIP Code |
|---|---|
| 3910 Greta Avenue | Fort Wayne, IN 46806 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| East Allen County Schools Educational Foundation, Inc., d/b/a East Allen County Schools | 16+ | (260) 446-0100 |

| Street Address | City, State and ZIP Code |
|---|---|
| 1240 East State Rd 930 | New Haven, IN 46774-17732 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☒ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☒ OTHER (specify) Harassment

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 2019    Latest: 8/23/2021

☒ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. Complainant Kunta Doughty, a qualified black/African American employee of the Respondents. At all material times to this Charge. The Complainant contends that the Respondent discriminated against, harassed, and/or retaliated against him on the basis of his race/color in violation of his federally protected rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et seq.* ("Title VII".) (In the alternative the Complainant contends that the Respondent discriminated against and/or retaliated against him in violations of his rights under 42 U.S.C. § 1981.)

II. The Respondent is East Allen County Schools Educational Foundation, Inc., d/b/a East Allen County Schools, a company doing a business 1240 East State Rd 930, New Haven, IN 46774. The Respondent registered agent is Kirby W. Stahly, whose address is 1240 East SR 930 E, New Haven, IN 46774-17732. At all material times to this Charge. The Respondent, an "employer" for the purposes of Title VII (and §1981).

III. The Complainant was employed by the Respondent from on or about August 30, 2010 until his wrongful termination on August 23, 2021. At all material times to this Charge. He performed in the reasonable expectations of the Respondent, and held the position of Head Custodian at the time of separation of employment.

IV. During the Complainant's employment, in and around December 6, 2018, the Respondent learned that the Complainant had a close personal relationship with a white/Caucasian woman whom Complainant was dating. After that, the Complainant found that he was singled out for

Continued on Page 2

EXHIBIT A

harassment, over scrutiny by the Respondent, bullying, and later he was additionally over loaded with extra duties and subjected to false and unjustified disciplinary action.

Indianapolis District Office
10/22/2021
470-2022-00361

V. Examples of some of the harassment include the following:

   a. Being written up/terminated for job functions that Complainant was never assigned to or trained on;
   b. Complainant would request additional help at Prince Chapman, a larger building, with more students, and land to maintain, and Chris Baker refused, and then would assign additional help to Jeff ___ at Southwick School;
   c. Chris Baker would come to Prince Chapman to insult and ridicule the Complainant by telling him "The yard looks like shit". Chris Baker would curse at the Complainant at least two times per month;
   d. Chris Baker would disrespect and curse at Complainant in the main hallway in front of students, parents, and staff (Theresa White, Mike Murphy, Renee Hutter, etc.). Staff reported this incident to the acting Principal Pat McCann;
   e. Respondent would not properly communicate with the Complainant re: job functions/duties, schedule, training, etc.;
   f. Chris Baker would follow the Complainant throughout the building cursing at and insulting him regularly. This was witnesses by Alix Doran, who reported one of these incidents to then Principal Renee Hutter; and
   g. Respondent would deny Complainant the opportunity to bid on other job openings.

VI. The Complainant was in particular, over-scrutinized by supervisor Chris Baker, who was also the primary individual that began attempting to overload the Complainant with extra chores and duties.

VII. On or around August 30, 2021, the Complainant was rehired and then reassigned from working in his usual building, where he frequently came in to contact with nonblack/non-African American individuals, and was moved to the New Haven High School building, where he only worked by himself. Along with this move, the Complainant further more suffered a lowered rate of pay and less favorable work hours, since the move involved the Complainant being placed on third shift and having to travel farther from home to get to work than he previously was required to travel.

VIII. The Complainant repeatedly reported and protested to Human Resources representative Tina Grady, that he was being discriminated against and harassed due to his race and his affiliation with Jazmine. The Respondent however took no sufficient efforts to end the discriminatory and harassing treatment of the Complainant.

IX. The Complainant was terminated on August 23, 2021. The proffered reason for termination given were a) Not maintaining or seeing the district equipment is maintained; b) Not meeting district expectations on mowing and maintaining the school grounds; c) Not properly investigating building issues, i.e., HAVC issues; d) Not seeing that leaks are being addressed and that ceiling tiles are not being changed; e) Not submitting work orders or properly submitting work orders, you are instructing teachers to email facilities department regarding issues; f) On Saturday August 21, 2021, EACS Facilities was on site and found 13 drive motors that were not working in the HAVC system; g) On Saturday August 21, 2021, EACS Facilities was on site and found that air filters have not been changed as required by the district; h) Building had not been kept in an orderly spotless condition and the lack of summer cleaning – i.e., Gymnasium, walls throughout building not clean, top of lockers dirty, ceiling louvers not cleaned, etc.; i) Misuse of district funds – ordering air filters but not installing them. Excessive filters found in all three mechanical

Continued on Page 3

mezzanines; j) Building time reports not being submitted accurately EEO does not report absents or employees time accurately; k) Does not do building checks to ensure custodian is performing task properly; l) Excessive socializing; and m) Attendance. The majority of these reasons were not job functions of the Complainant, nor was he trained on these items. Complainant was a custodian, not a maintenance tech. He was informed of the termination during a meeting with Subprincipal Chris Hissong, supervisor Chris Baker, Tina Grady, Justin Hoerring, and the Complainant's Union Representative Shelby _____.

X. On August 24, 2021, the Complainant received a phone call from Tina Grady, asking to meet with the Complainant about his job. The Complainant met with her the following day, along with Larry Gist (NAACP) Marilynn Hissong (Superintendent), Chris Baker, and the Complainant's Union President, Steve Brace. The Complainant was given the option to return to work, but only if he agreed to work on third shift, for lower pay, at New Haven High School. Because the Complainant had a family to support, he accepted the offer.

XI. The Complainant was informed on August 27, 2021 that his days off of work occurred as the result of the earlier wrongful termination, would be counted against his accrued vacation days.

XII. The Complainant now holds the position of Class I Custodian. He continues to work third shift, which is 10 p.m. to 6:30 a.m. His rate of pay is now 17.00 dollars per hour, compared to his former rate of pay which was $20.00 dollars per hour. He also has been on a 90 day "probationary" status.

XIII. On August 31, 2021 the Complainant reported to work at 10:30 p.m. and spoke to the lead custodian on second shift, Scott ___. The Complainant asked Scott ___ if the he was performing his work satisfactory, and the Complainant was told by the second shift lead custodian he had no complaints with the Complainant's performance.

XIV. On September 1, 2021, after the Complainant had returned home from work, he received a phone call around 9:30 a.m. from Tina Grady, who told the Complainant she thought the Complainant had his times confused, and that the Complainant supposedly was supposed to be working from 10:00 p.m. to 10:30 a.m. The Complainant said "ok". However, he was extremely concerned, because up to that point no one had bothered to tell him that he was to work anything other than 10:30 p.m. to 6:30 a.m. Or that he had been coming in at the wrong time for each shift.

XV. On September 1, 2021, the Complainant submitted a written letter to Human Resources, complaining that he had been discriminated against harassed and bullied because of his race (black/African American), and because of his affiliation with a white woman. The Complainant letter further objected to being segregated by the transfer to the New Haven High School building on third shift where he was isolated and no longer working with anyone outside of his race, but working alone, and he protested his significant decrease in pay and the additional time he was now forced to spend traveling to and from work and the time he lost spending with his family because of being assigned to third shift.

XVI. On September 24, 2021, the Complainant received a letter from Respondent (signed by Chris Baker) indicating that Complainant will receive unpaid days, when the Complainant has vacation days earned. Also, on September 24, 2021 Chris Baker approved this day as a vacation day and then sent it to Human Resources as an unpaid/unapproved day.

XVII. The Complainant contends that the proper reason was false and pretextual, and that prior to the termination, at the time of termination, and following the termination when he was returned to

Continued on Page 4

work but was assigned to a different school to work at, the Respondent discriminated against, harassed, and retaliated against the Complainant on the basis of his race/color (Black/African American) and affiliation and relationship with a white/Caucasian female, all of which conduct on the part of Respondent was in violation of the Complainant's federally protected rights under Title VII (and § 1981). The Respondent's unlawful discriminatory, harassing, and retaliatory conduct furthermore was a direct approximate cause of the Complainant suffering the loss of his job-, and job-related benefits, as well as loss of pay; the Complainant additionally was subjected to inconvenience, mental anguish, emotional distress, and other damages and injuries.

XVIII. The Complainant is entitled to compensatory damages and reasonable attorney fees and cost against the Respondent.

XIX. The Respondent's complained of conduct was intentional, knowing, willful, want, and in reckless disregard of the Complainant's federally protected rights under Title VII (and section 1981). The Complainant is entitled to recover punitive damages against the Respondent.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

10-22-21        Kunta Doughty
Date            Charge Party Signature

NOTARY When necessary for State and Local Agency Requirements
[signature]

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

Kunta Doughty

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
10-22-2021

LORI KAY KOLB
Seal
Notary Public - State of Indiana
Allen County
My Commission Expires Dec 20, 2024

02D01-2206-CT-000265

USDC IN/ND case 1:22-cv-00220-HAB-SLC document 5-1 filed 06/07/22 page 8 of 9

Filed: 6/7/2022 11:39 AM
Cler
Allen County, India

Allen Superior Court 1



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Indianapolis District Office
101 West Ohio St ,Suite 1900
Indianapolis ,Indiana ,46204
(317) 999-1178
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 03/23/2022

**To:** Kunta Doughty
3910 Greta Ave
Fort Wayne, IN 46806

Charge No: 470-2022-00361

EEOC Representative and email:   Marc Fishback
Enforcement Supervisor
Marc.Fishback@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 470-2022-00361.

EXHIBIT
B



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Indianapolis District Office
101 West Ohio St ,Suite 1900
Indianapolis ,Indiana ,46204
(317) 999-1178
Website: www.eeoc.gov

On Behalf of the Commission:

Digitally Signed By:Michelle Eisele
03/23/2022

Michelle Eisele
District Director

**CC:**
Jason Clagg
Respondent Legal Representative
Barnes & Thornburg LLP
jason.clagg@btlaw.com

Christopher Myers
CP Legal Representative
Christopher C. Myers & Associates
cmyers@myers-law.com

Please retain this notice for your records.